IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OSIE LEE DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 2:21cv109-ECM-SRW |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on petitioner Osie Lee Davis's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which was filed on February 2, 2021. Doc. 1. Davis challenges his convictions for multiple controlled substance offenses, possessing a firearm in furtherance of drug trafficking, and possessing a firearm as a convicted felon. On August 28, 2020, the district court sentenced Davis to a total term of 360 months in prison. The district court entered its judgment on September 15, 2020. Upon consideration of Davis's § 2255 motion, the undersigned finds the motion should be dismissed without prejudice because the court lacks jurisdiction.

As explained in *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990), a district court lacks jurisdiction over a petitioner's 28 U.S.C. § 2255 motion during the pendency of an appeal from the judgment challenged in the § 2255 motion.[1]  Here, Davis

---

[1] In *Khoury*, the defendant filed a § 2255 motion after he filed a notice of appeal. The district court denied the motion on the ground that the court lacked jurisdiction because jurisdiction had vested in the court of appeals for the pendency of the appeal. The Eleventh Circuit affirmed because "[t]he general rule is that a defendant may not seek collateral relief while his direct appeal is pending." *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (per curiam); *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968) ("A motion to vacate sentence under 28 U.S.C. § 2255

filed a notice of appeal from the district court's judgment on September 21, 2020. Criminal Case No. 2:19cr57-ECM, Doc. 117. Davis's appeal has been assigned USCA Case No. 20-13584-B. *Id*., Doc. 121. On the date on which this recommendation is being entered, Davis's appeal remains pending in the Eleventh Circuit Court of Appeals. During the pendency of Davis's appeal, this court lacks jurisdiction to consider his motion for relief under 28 U.S.C. § 2255, and accordingly, the motion should be dismissed without prejudice. Davis may refile a § 2255 motion when jurisdiction is vested in the district court.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Davis's 28 U.S.C. § 2255 motion (Doc. 1) be DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that the parties shall file any objections to this Recommendation or before March 18, 2021. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-

---

will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot.").

1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 3rd day of March, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge